UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDPIPER GREENS CONDOMINIUM
ASSOCIATION,

    Plaintiff,

v.                                                    Case No. 2:20-cv-00578-JLB-MRM

EMPIRE INDEMNITY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Empire Indemnity Insurance Company ("Empire") moves to dismiss the Amended Complaint filed by Plaintiff Sandpiper Greens Condominium Association ("Sandpiper") for failing to state a cause of action. (Doc. 13.) After carefully reviewing the Amended Complaint (Doc. 11), the Court grants the motion in part. The motion is **DENIED** as to Count I but **GRANTED** as to Counts II and III **WITHOUT PREJUDICE**.

### BACKGROUND

Empire issued Sandpiper a property insurance Policy. (Doc. 11-1.) In 2017, Hurricane Irma allegedly damaged the roof of the condominium property owned by Sandpiper. (Doc. 11 at ¶¶ 9, 13.) Sandpiper contends that Empire refuses to pay benefits owed due to the hurricane damage. (Id. at ¶¶ 12, 29.) In a letter dated November 21, 2019 ("November 21 Letter"), Empire notified Sandpiper that, based

1

on its adjustment of the claim, virtually none of the roof damage was caused by Hurricane Irma.  (Doc. 11-2.)  To the extent that Hurricane Irma could not be ruled out as the cause of damage to some of the roof tiles, that resulting roof damage was less than the applicable deductible.  (Id.)  In a subsequent letter dated March 4, 2020 ("March 4 Letter"), Empire reiterated that it did not believe any of the damage to Sandpiper's roof was covered.  (Doc. 11-4.)  Moreover, Empire noted that it had "been provided only with an estimate to replace the roofs being claimed."  (Id. at 2.)

Sandpiper filed a complaint in Florida state court, and Empire timely removed based on diversity jurisdiction.  (Doc. 1.)  Sandpiper's operative Amended Complaint contains claims for breach of contract for failure to pay under the Policy (Count I), declaratory relief regarding the right to appraisal (Count II), and breach of contract for failure to appraise (Count III).  (Doc. 11.)

## LEGAL STANDARD

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir.1998)).  To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under this standard, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 570 (2007)).  Attachments to the complaint are deemed "part of the pleading for all purposes." Fed. R. Civ. P. 10(c).  "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007).

## DISCUSSION

**I.     Count I for Breach of Contract is Adequately Pleaded Based on Empire's Denial of Coverage.**

"Federal courts sitting in diversity apply the substantive law of the state in which the case arose." Pendergast v. Sprint Nextel Corp., 592 F.3d 1119, 1132 (11th Cir. 2010) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).  The Policy at issue here insures real property located in Florida, and both parties assume that the Policy is governed by Florida law.  In Florida, "[a]n adequately [pleaded] breach of contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages." In re Standard Jury Instructions–Contract & Bus. Cases, 116 So. 3d 284, 306 (Fla. 2013) (collecting cases).

Empire argues that Count I should be dismissed because Sandpiper is not entitled to recover replacement cost benefits under the Policy until repairs have been completed.  (Doc. 13 at 6–8.)  This argument assumes that the breach at issue in Count I is Empire's failure to pay specific repair estimates.  But as the Court reads Count I (including the relevant attachments to the Amended Complaint), Sandpiper alleges a claim based on Empire's total denial of coverage under the Policy, not the terms of payment.

The Court's reading of Count I is supported by the March 4 Letter from Empire, which informed Sandpiper that its claim was denied for lack of coverage because Empire did not believe any of the damage was caused by Hurricane Irma. Empire's position in the March 4 Letter was that damage was caused by lack of proper maintenance—a non-covered event. (Doc. 13 at 1–2.) In fact, Empire repeats this position in its motion to dismiss. (Doc. 13 at 5.) But for purposes of its motion, Empire argues that Sandpiper has pleaded itself out of court by alleging that Empire's breach was in refusing to pay estimated repair bills—even though this theory is directly contradicted by the documents attached to the Amended Complaint. (Doc. 13 at 6–8.)

The allegations in the Amended Complaint do not explain in any detail how Empire breached the Policy. The Amended Complaint simply alleges that Empire failed to pay for a covered loss under the Policy. As the March 4 Letter makes clear, however, Empire denied Sandpiper's claim because it believed Sandpiper's loss was not caused by Hurricane Irma—not because repairs had yet to be performed. Empire's characterization of Sandpiper's claim is based on one sentence in its March 4 Letter about having been "provided only with an estimate to replace the roofs being claimed." (Doc. 11-4 at 2.) But that is not the whole story. The next sentence reads, "We have not been provided with any information or documentation to substantiate the claim that the roof damages were caused by the hurricane." (Id.) Notwithstanding the Letter's isolated reference to repair estimates, it makes clear that Empire denied coverage because of its determination that the damage was not

4

caused by Hurricane Irma, not because Sandpiper failed to provide invoices for repairs. Empire's argument is based on a mischaracterization of Sandpiper's claim that is unsupported by either the Amended Complaint's allegations (which do not explain the breach) or its attachments (which clarify the breach is in denying coverage). As such, the Court need not address Empire's legal arguments about the proper interpretation of the repair cost provision in the policy.

To the extent Count I alleges a breach of contract based on a total denial of benefits under the Policy, the Court finds that Sandpiper has stated a claim. Count I adequately alleges that damage caused by Hurricane Irma was covered under the Policy, and Empire has refused to pay the amounts due and owing. (Doc. 11 at ¶¶ 9, 12.) Accordingly, Empire's motion to dismiss is denied as to Count I.

## II.   Counts II and III are Dismissed Without Prejudice Because Appraisal Is Not Appropriate Where The Insurer Has Denied Coverage.

Counts II and III of the Amended Complaint pertain to the appraisal provision of the Policy. (Doc. 11 at 3–7.) Sandpiper seeks declaratory relief regarding its right to appraisal and, relatedly, contends that Empire breached the Policy by refusing to submit to an appraisal. This time, it is Sandpiper that misreads the correspondence attached to the Amended Complaint.

An insurer cannot be compelled to an appraisal if it completely denies coverage. See generally Johnson v. Nationwide Mut. Ins. Co., 828 So. 2d 1021, 1025 (Fla. 2002) (quoting Gonzalez v. State Farm Fire & Cas. Co., 805 So. 2d 814, 816–17 (Fla. 3d DCA 2000)). Appraisal is only proper if the insurer admits to a covered loss

but disagrees as to the loss amount. Id. (quoting State Farm Fire & Cas. Co. v. Licea, 685 So. 2d 1285, 1286–87 (Fla. 1996)).

Sandpiper attempts to raise a valuation issue subject to appraisal by arguing that it was not totally denied coverage. (Doc. 11 at ¶¶ 14, 23–24, 32.) But the November 21 and March 4 Letters, both of which are attached to the Amended Complaint, clearly indicate that Sandpiper's claim was totally denied. (Docs. 11–2, 11–4.) As a result, Sandpiper does not have any appraisal rights under the Policy.

Without addressing this threshold issue, Empire argues that even if Sandpiper may be entitled to some coverage under the Policy, the March 4 Letter shows that Sandpiper's demand for appraisal is premature because: (1) no repairs were actually completed, and therefore a claim for repair costs was never made; and (2) the Letter does not suggest that a claim for actual cash value, the only other basis for indemnity under the Policy, was submitted. (Doc. 13 at 10–11.) The Court need not address these arguments because it is clear from the attachments to the Amended Complaint that Empire has not acknowledged any coverage. Griffin Indus., Inc., 496 F.3d at 1206 ("[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."). The only issue presented at this time is a coverage issue.[1]

---

[1] Empire's reply brief raises an entirely new argument that Count II should be dismissed because it is a claim for injunctive relief in disguise. The Court has rejected that argument elsewhere. See Creekside Crossing Condo. Ass'n v. Empire Indem. Ins. Co., No. 2:20-cv-00136-JLB-MRM, 2020 WL 5973177, at *3 (M.D. Fla. Sept. 2, 2020).

Because coverage has been entirely denied, Sandpiper is not entitled to appraisal under the Policy, and Counts II and III must be dismissed without prejudice. If a dispute as to amount of coverage arises later in these proceedings, the Court may entertain a motion to amend the operative complaint and to compel appraisal. See, e.g., Residences at European Vill. Condo. Ass'n v. Rockhill Ins. Co., No. 3:19-cv-1490-J-20JRK, 2020 WL 5948314, at *5 (M.D. Fla. July 17, 2020).

Accordingly, it is **ORDERED**:

1. Empire's motion to dismiss the Amended Complaint (Doc. 13) is **DENIED** as to Count I but **GRANTED** as to Counts II and III.

2. Counts II and III of the Amended Complaint (Doc. 11) are **DISMISSED WITHOUT PREJUDICE**.

2. **No later than January 13, 2021,** Empire shall answer the remaining count in the Amended Complaint.

**ORDERED** in Fort Myers, Florida, on December 30, 2020.

_John L. Badalamenti_
**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**